*150 opinion.
MtjRdock :
The petitioner claims that the amount of $10,000 paid to the temporary administrator and his attorneys for their services was an ordinary and necessary expense of carrying on the business of the estate during the year and was therefore deductible from the income of that business. An alternative contention was also made, but we need not consider it. The Commissioner denied the deduction with the explanation that “ in accordance with section 215 (b) of the Revenue Act of 1921, expenses of the administration of an estate, such as court costs, administrator’s fees, and executor’s commissions are chargeable against the corpus" of the estate and are not allowable deductions.”
We have heretofore had occasion to consider in this same connection commissions and fees similar to those involved in this proceeding and we have held that where expenses are paid or incurred in *151 preserving an estate ofer a period of years, in making sales and collections, and in doing other things Avhich are necessary for the maintenance of the estate and the production of income, the expenses are ordinary and necessary in carrying on the business of the estate and are deductible from income. See Grace M. Knox et al., Executors, 3 B. T. A. 143, William W. Mead, 6 B. T. A. 752; Henrietta Bendheim, 8 B. T. A. 158, 164, and George W. Seligman, Executor, 10 B. T. A. 840.
The primary duty of the temporary administrator in this case was to conserve the estate until the pending litigation was settled. We have but meagre information as to what he actually did during the taxable year. We were told that his attorneys advised with him generally, represented him in several suits, aided him in the preparation of an income-tax return and advised him to pay Federal inheritance taxes on the estate pending the determination of the question of whether or not the will would be probated. It might very well be argued that at least some of the services of the temporary administrator and his attorneys were more properly chargeable against the corpus of the estate than against the .income of the estate. However, the weight of the evidence supports the contention that the amounts paid were reasonable compensation for personal services actually rendered in preserving and maintaining the estate and in producing income from it during the year, and our judgment is for the petitioner.

Judgment of no deficiency will Toe entered for the petitioner.